IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Joshua S. Hoskins, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20110531-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (August 9, 2012) |
| Department of Workforce Services, | ) | |
| | ) | 2012 UT App 221 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:     Joshua S. Hoskins, Fruit Heights, Petitioner Pro Se
               Amanda B. McPeck, Salt Lake City, for Respondent

-----

Before Judges McHugh, Davis, and Christiansen.

¶1      Joshua S. Hoskins seeks review of the Workforce Appeals Board's (the Board) final decision denying him unemployment benefits and imposing penalties for fraud. Hoskins argues that the Board abused its discretion in refusing to consider certain records that Hoskins failed to provide to the administrative law judge (ALJ).

¶2      "[T]his court grants great deference to an agency's findings, and will uphold them if they are supported by substantial evidence when viewed in light of the whole record before the court." *EAGALA, Inc. v. Department of Workforce Servs.*, 2007 UT App 43, ¶ 8, 157 P.3d 334 (quoting *Department of the Air Force v. Swider,* 824 P.2d 448, 451 (Utah Ct. App. 1991)). "When we review an agency's application of the law to a particular set of facts, we give a degree of deference to the agency . . . [and] will uphold the [Board's] decision so long as it is within the realm of reasonableness and rationality." *Autoliv ASP, Inc. v. Department of Workforce Servs.*, 2001 UT App 198, ¶ 16, 29 P.3d 7.

¶3      Hoskins argues that the Board should have considered certain personal records he allegedly kept concerning his attempts to obtain employment, which he failed to

provide to the ALJ. Rule 994-508-305(2) of the Utah Administrative Code states that "[a]bsent a showing of unusual or extraordinary circumstances, the Board will not consider new evidence on appeal if the evidence was reasonably available and accessible at the time of the hearing before the ALJ." Utah Admin. Code R994-508-305(2). The Board found that the records were available to Hoskins at the time of his hearing before the ALJ. Further, the Board found that Hoskins failed to present any evidence of unusual or extraordinary circumstances that would have warranted the Board accepting the new evidence.

¶4    We cannot say that the Board abused its discretion in so finding. Hoskins failed to provide any reason to the Board explaining why he did not or could not present his evidence to the ALJ despite being in sole control of the potential evidence. Furthermore, the records Hoskins sought to introduce would have contradicted Hoskins's own testimony to the ALJ about the number of job contacts he made during the weeks in question. Under these circumstances, we cannot say that the Board abused its discretion.[1]

¶5    Accordingly, we decline to disturb the Board's decision.

_____
Carolyn B. McHugh,
Presiding Judge


_____
James Z. Davis, Judge


_____
Michele M. Christiansen, Judge

---

1. Hoskins asserts in his brief that he suffered from "ADHD and dyslexia" which makes reading very difficult for him. As such, he claims that he was prejudiced by the fact that most of the information provided to him concerning the terms and conditions of receiving benefits were in writing. However, the record does not establish that this argument was raised to either the ALJ or the Board. Accordingly, the issue cannot be considered in this proceeding. *See Brown & Root Indus. Serv. v. Industrial Comm'n*, 947 P.2d 671, 677 (Utah 1997) ("[I]ssues not raised in proceedings before administrative agencies are not subject to judicial review except in exceptional circumstances.").